Andrew D. Huppert, Esq.
andrew@carey-law.com
CAREY LAW FIRM, P.C.
225 W. Broadway • P.O. Box 8659
Missoula, MT 59807-8659
Telephone: (406) 728-0011

-- *Attorneys for Plaintiff Wendi Artz*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| WENDI ARTZ,<br><br>Plaintiff,<br><br>v.<br><br>ROCK CREEK CATTLE COMPANY, LTD, ROCK CREEK CATTLE COMPANY HOMEOWNERS ASSOCIATION, INC., JULIANNE BERENYI, and DOES A – E,<br><br>Defendants. | Cause No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, through counsel, for her Complaint for relief, alleges as follows:

**THE PARTIES**

1.   Plaintiff, Wendi Artz, was at all relevant times a California citizen and resident of Santa Monica, Los Angeles County, California.

///

2. Defendant, Rock Creek Cattle Company, LTD, was at all relevant times a Florida Foreign Limited Partnership, headquartered in Florida, and doing business in Montana.

3. Defendant, Rock Creek Cattle Company Homeowners Association, Inc., was at all relevant times a Montana Corporation, headquartered in Nevada, and doing business in Montana.

4. Julianne Berenyi was at all relevant times employed by Defendants as a wrangler. It is believed Berenyi is a Montana citizen and resident of Garrison, Powell County, Montana.

5. The true names and capacities of the Defendants named herein as Does A- E, inclusive, are unknown to Plaintiff at this time, who therefore brings this action against said Defendants by fictitious name. Plaintiff will seek leave to amend the complaint to state the true names and capacities of Does A-E when the same have been ascertained, together with further charging allegations, as appropriate. Plaintiff is informed and believes and thereon alleges that each of said fictitiously named Defendants may be legally responsible in some manner for the occurrences alleged herein and that Plaintiff's damages as alleged herein may have been proximately caused in part by said Defendants' unlawful or intentional acts or omissions. Does A-E are believed to be natural persons, immediate employers, directors, corporations, joint ventures, and/or other legal entities who may be legally liable for the Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper pursuant to 28 USC § 1332(a) because of the diversity of citizenship between Plaintiff and the Defendants and because the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

7. Venue in this Court is proper pursuant to 28 USC § 1391(a) because the events or omissions giving rise to the claims stated herein occurred in Powell County, Montana.

8. This case is properly assigned to the Butte Division pursuant to Local Rule 1.2(c) as the acts complained of herein occurred in Powell County, Montana, which is within the Butte Division.

## GENERAL ALLEGATIONS

9. Defendant, Rock Creek Cattle Company and/or Defendant, Rock Creek Cattle Company Homeowners Association, Inc. (hereinafter collectively referred to as "Rock Creek Cattle Company"), is a private club, that offers to its members and guests activities such as golf, fly fishing, shooting sports, biking, hiking, rafting, UTV trail riding, and horseback riding.

10. Plaintiff and her husband (the "Artzes") were guests at Rock Creek Cattle Company from May 30, 2019, to June 1, 2019. On June 1, 2019, the Artzes were taken on a guided horseback ride for which they were charged a fee. The wrangler for the ride was Defendant Julianne Berenyi ("Berenyi").

11. Plaintiff was 68 years old and was a novice rider with limited riding skills. She and her husband told Berenyi they wanted a very safe, simple, sightseeing ride, and did not want to go any faster than a walk.

12. The Artzes asked Berenyi if she would provide them helmets and were told helmets would not be needed because they were going no faster than a walk. Berenyi did not wear a helmet herself, so the Artzes assumed the situation was safe.

13. The ride was uneventful and pleasant for the first two hours. Toward the end of the ride the party rode near a group of approximately 7 horses below them in a fenced-off area. These horses were neither bridled nor tied. Berenyi was interested in obtaining photos and instructed the Artzes to ride down to the horses and "say hi" because she felt the pastured horses would make a great photo backdrop.

14. Per Berenyi's suggestion, the Artzes rode toward the pastured horses, at which time the pastured horses started to become agitated at the sight of the Artzes' oncoming horses. The Artzes' horses began reacting in response and the Artzes heard Berenyi scolding her horse for getting excited and acting out.

15. Wendi's horse became increasingly agitated and started to jump and hop. Wendi was then thrown from her horse and sustained life-threatening injuries when she violently struck her head on the ground.

## COUNT I: NEGLIGENCE

16. Plaintiff alleges paragraphs 1 through 15 as if fully set forth herein.

///

17. Plaintiff was a novice rider who had not ridden a horse for over 50 years and was dependent on Berenyi and Rock Creek Cattle Company to provide a safe riding experience. Plaintiff provided this information to Berenyi prior to the ride and told Berenyi she and her husband wanted a slow, gentle, ride. Berenyi assured the Artzes they had nothing to be concerned about and would be fine.

18. The Artzes asked Berenyi if she would provide them helmets and were told helmets would not be needed because they were going no faster than a walk. Berenyi did not wear a helmet herself, so the Artzes assumed the situation was safe.

19. Defendants had a duty to make reasonable and prudent efforts to determine Plaintiff's experience and riding abilities and to provide a reasonably safe riding experience.

20. Defendants were negligent in failing to require Plaintiff to wear a helmet and in instructing Plaintiff to approach a group of free running horses who were immediately agitated, thereby causing Plaintiff's horse to become agitated and to throw Plaintiff to the ground.

21. Plaintiff's accident and resultant injuries were foreseeable and Defendants are responsible for Plaintiff's foreseeable injuries.

## COUNT II: WILLFUL AND WANTON DISREGARD FOR PLAINTIFF'S SAFETY

22. Plaintiff alleges paragraphs 1 through 21 as if fully set forth herein.

///

23. Defendants' acts or omissions cited in paragraphs 16 through 21 constitute willful or wanton disregard for Plaintiff's safety and caused serious injury to Plaintiff.

## COUNT III:  CONSTITUTIONAL CHALLENGE
## TO §§ 27-1-727(3)(iv) and (v), MCA

24. Section 27-1-727(3)(iv), MCA, holds that equine sponsors or professionals are not liable for injuries caused by the risks inherent in equine activities unless the equine activity sponsor "committed an act or omission that constituted willful or wanton disregard for the safety of the participant and the act or omission caused the injury."

25. Section 27-1-727(3)(v), MCA, holds that equine sponsors or professionals are not liable for injuries caused by the risks inherent in equine activities unless the equine activity sponsor "intentionally injured the participant."

26. The "willful and wanton" and "intentional" standards in §§ 27-1-727(3)(v) and 27-1-727(3)(vi), MCA, violate the equal protection clauses of the United States and Montana Constitution.

27. The Montana Attorney General has been provided written notice of the constitutional challenge to §§ 27-1-727(3)(v) and 27-1-727(3)(vi), MCA.

## COUNT IV:  PUNITIVE DAMAGES

28. The Defendants knew of facts and intentionally disregarded facts that created a high probability of injury to the Plaintiff; deliberately proceeded to act in

conscious and intentional disregard of high probability of injury to the Plaintiff; and deliberately proceeded to act with indifference to the high probability of injury to the Plaintiff.

29. As a direct and proximate result of the Defendants' intentional and malicious acts or omissions, Plaintiff was seriously injured and suffered damages.

WHEREFORE, the Plaintiff requests the following relief:

1. Reasonable compensation for medical bills and related expenses incurred as a direct and proximate result of the Defendants' negligence and/or willful and wanton conduct;

2. Reasonable compensation for lost earnings, loss of earning capacity, and/or other economic losses as a direct and proximate result of the Defendants' negligence and/or willful and wanton conduct;

3. Reasonable compensation for mental and physical pain and suffering endured as a direct and proximate result of the Defendants' negligence and/or willful and wanton conduct;

4. Reasonable compensation for Plaintiff's loss of enjoyment of established course of life as a direct and proximate result of the Defendants' negligence and/or willful and wanton conduct;

5. Punitive or exemplary damages in order to punish the Defendants and serve as an example to similarly situated entities that conduct of this kind is unacceptable in our society and will not be tolerated;

6.   For costs and disbursements incurred herein and interest on any award under applicable Montana law;

7.   That the Court declare the "willful and wanton" and "intentional" conduct standards in §§ 27-1-727(3)(v) and 27-1-727(3)(vi), MCA, unconstitutional under Montana law.

8.   For such other and further relief as the Court may deem just and proper.

DATED this 10th day of February, 2020.

/s/ Andrew D. Huppert
CAREY LAW FIRM, P.C.
225 W. Broadway • P.O. Box 8659
Missoula, MT 59807-8659
Telephone: (406) 728-0011
--*Attorneys for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of all issues so triable.

DATED this 10th day of February, 2020.

/s/ Andrew D. Huppert
CAREY LAW FIRM, P.C.
225 W. Broadway • P.O. Box 8659
Missoula, MT 59807-8659
Telephone: (406) 728-0011
--*Attorneys for the Plaintiff*