Brett P. Clark
CROWLEY FLECK PLLP
900 N. Last Chance Gulch, Suite 200
P.O. Box 797
Helena, MT 59624-0797
Telephone: (406) 449-4165
bclark@crowleyfleck.com

*Attorneys for Defendant Rock Creek Cattle Company*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| WENDI ARTZ, | ) Cause No. CV 20-16-H-CCL |
| Plaintiff, | ) |
| vs. | ) **DEFENDANT ROCK CREEK** |
| | ) **CATTLE CO.'S ANSWER TO** |
| ROCK CREEK CATTLE COMPANY, LTD, | ) **COMPLAINT AND DEMAND** |
| | ) **FOR JURY TRIAL** |
| Defendants. | ) |

_____

Defendant Rock Creek Cattle Company, LTD ("RCCC" or "Defendant") answers Plaintiff's Complaint and Demand for Jury Trial ("Complaint") as follows:

## THE PARTIES

1. Admits the allegations contained in paragraph 1.

2. Admits the allegations contained in paragraph 2.

3. Admits the allegations contained in paragraph 3.

4. In response to the allegations contained in paragraph 4, admits Ms. Berenyi is a Montana citizen and resident of Garrison, Montana.  RCCC admits Ms. Berenyi was at all relevant times employed by RCCC.  RCCC denies Ms. Berenyi was employed by Rock Creek Cattle Company Homeowners Association.  RCCC denies all other allegations.

5. In response to the allegations contained in paragraph 5, RCCC lacks knowledge sufficient to admit or deny and therefore denies.

## JURISDICTION

6. Admits the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7.

8. In response to the allegations contained in paragraph 8, RCCC admits the events described in the Complaint took place in Powell County, Montana, and otherwise denies.

## **GENERAL ALLEGATIONS**

9. In response to the allegations contained in paragraph 9, admits RCCC operates a private club with the described activities and otherwise denies the allegations.

10. In response to the allegations contained in paragraph 10, admits the Artzes were guests at RCCC from May 30, 2019 to June 1, 2019, admits the Artzes took a guided horseback tour, denies the Artzes were charged a fee, and admits Ms. Berenyi was the guide for the Artzes' ride.

11. In response to the allegations contained in paragraph 11, admits Plaintiff was 68 years old at the time and otherwise denies the allegations.

12. In response to the allegations contained in paragraph 12, admits Ms. Berenyi did not wear a helmet and otherwise denies the allegations.

13. In response to the allegations contained in paragraph 13, admits the ride was uneventful and pleasant up until the injury.  RCCC admits the group rode near a fenced-off pasture with unbridled horses.  RCCC admits Ms. Berenyi offered to take a photograph of the Artzes with the horses in the pasture in the background.  RCCC otherwise denies.

14. In response to the allegations contained in paragraph 14, admits the Artzes approached the horse pasture and otherwise denies the allegations.

15. In response to the allegations contained in paragraph 15, admits Ms. Artz sustained an injury when her horse fell. RCCC otherwise denies the allegations.

## COUNT I: NEGLIGENCE

16. Paragraph 16 includes no allegations.

17. In response to the allegations contained in paragraph 17, RCCC lacks knowledge as to how long it had been since Plaintiff had ridden a horse and therefore denies the same. RCCC otherwise denies the allegations.

18. In response to the allegations contained in paragraph 18, RCCC admits Ms. Berenyi herself did not wear a helmet and otherwise denies the allegations.

19. In response to paragraph 19, RCCC admits it owed the duties prescribed by Montana law and otherwise denies the allegations.

20. Denies the allegations contained in paragraph 20.

21. Denies the allegations contained in paragraph 21.

## COUNT II: WILLFUL AND WANTON DISREGARD

22. Paragraph 22 includes no allegations.

23. Denies the allegations contained in paragraph 23.

## COUNT III: CONSTITUTIONAL CHALLENGE

24. In response to the allegations contained in paragraph 24, admits the Montana Equine Activities Act governs, states that the Act speaks for itself, and otherwise denies.

25. In response to the allegations contained in paragraph 25, admits the Montana Equine Activities Act governs, states that the Act speaks for itself, and otherwise denies.

26. Denies the allegations contained in paragraph 26.

27. Lacks knowledge of the truth or falsity of the allegations contained in paragraph 27 and therefore denies.

## COUNT IV: PUNITIVE DAMAGES

28. Denies the allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29.

30. RCCC denies all allegations contained in the Complaint except as expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's alleged damages are the result of superseding and intervening causes wholly unrelated to any alleged act, error, or omission on the part of Defendant.

3. Any negligence on the part of Defendant, which is denied, was not a substantial contributing factor or proximate cause of the injuries and/or damages Plaintiff alleges.

4. The comparative negligence of Plaintiff equaled or exceeded that of Defendant, if any, and was a proximate cause of Plaintiff's alleged injuries, which either bars or diminishes Plaintiff's recovery.

5. Plaintiff's alleged damages are the results of acts or omissions of third parties over which Defendant has no control.

6. Plaintiff assumed the risk of injury.

7. Plaintiff has failed to mitigate her alleged damages.

8. Any recovery by Plaintiff should be reduced by amounts paid or payable from a collateral source pursuant to Montana Code Annotated § 27-1-308.

9. Defendant has the right of contribution from any other person, including persons or entities who have settled with or who have been released by Plaintiff, whose negligence may have contributed as a proximate cause to the injury claimed by Plaintiff should Plaintiff recover against Defendant as provided by Montana Code Annotated § 27-1-703.

10. Defendant complied with all applicable statutes, rules, and regulations.

11. Plaintiff's claims are barred under the Montana Recreation Responsibility Act.

12. Plaintiff's claims are barred under the Montana Equine Activity Act.

13. Plaintiff's injury was caused solely by the inherent risks of equine activities.

## APPLICABILITY OF AFFIRMATIVE DEFENSES

Defendant is not certain which affirmative defenses may apply at the time of trial and reserves the right to add additional affirmative defenses throughout the course of discovery in this case. Defendant will dismiss any affirmative defense at the final pre-trial conference that does not appear to be reasonably supported by the facts and/or law.

WHEREFORE, Defendant requests the Court grant the following relief:

1. Dismiss Plaintiff's claims with prejudice;

2. Order judgment in Defendant's favor;

3. Award Defendant its reasonable attorney's fees and costs; and

4. Any other such relief as the Court deems just and proper.

DATED March 19, 2020.

          CROWLEY FLECK PLLP

          By /s/ Brett P. Clark
          Brett P. Clark
          Rock Creek Cattle Company

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2020, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the District of Montana by using the CM/ECF system.  I certify that all participants having appeared in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

          CROWLEY FLECK PLLP

          By /s/ Brett P. Clark
          Brett P. Clark
          Attorneys for Rock Creek Cattle Company